Ajeataz-Cor v. Sessions

BIA
Straus, IJ
A205 497 503

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand seventeen.

PRESENT:
GUIDO CALABRESI,
ROSEMARY S. POOLER,
CHRISTOPHER F, DRONEY,
   *Circuit Judges.*

_____

HIGINIO MEDRANO AJEATAZ-COR,
   *Petitioner,*

v.                                    15-4012
                                      NAC

JEFFERSON B.SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
   *Respondent.**

_____

FOR PETITIONER:           Gregory Osakwe, Hartford, CT.

FOR RESPONDENT:           Benjamin C. Mizer, Principal Deputy
                          Assistant Attorney General; Douglas

_____

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jefferson B. Sessions III is automatically substituted for former Attorney General Loretta E. Lynch as Respondent.

E. Ginsburg, Assistant Director;
Rebekah Nahas, Trial Attorney,
Office of Immigration Litigation,
United States Department of Justice,
Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Higinio Medrano Ajeataz-Cor, a native and citizen of Guatemala, seeks review of a November 19, 2015, decision of the BIA affirming a December 1, 2014, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Higinio Medrano Ajeataz-Cor,* No. A205 497 503 (B.I.A. Nov. 19, 2015), *aff'g* No. A205 497 503 (Immig. Ct. Hartford Dec. 1, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review both the IJ's and the BIA's decisions here "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Ajeataz-Cor does not challenge the BIA's waiver

2

determination, the only issues before us are whether Ajeataz-Cor satisfied his burden for withholding of removal and CAT relief based on his asserted fear of future persecution and torture.

Absent past persecution, an alien may establish eligibility for withholding of removal or CAT relief by demonstrating a likelihood of persecution or torture. 8 C.F.R. § 1208.16(b)(2), (c)(2); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178, 184-85 (2d Cir. 2004). Here, the agency acknowledged evidence that Guatemala suffers from rampant gang activity, including extortion. However, general violence in a country is insufficient to show that an individual is at a particular risk of harm. *Melgar de Torres v. Reno*, 191 F.3d 307, 314 & n.3 (2d Cir. 1999). Moreover, as the IJ found, the record contained no evidence that gangs in Guatemala target individuals, such as Ajeataz-Cor, based on their connections to the United States. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . , [an applicant's] fear is speculative at best.").

Ajeataz-Cor provided no testimony or other evidence to support the statement in his application that he had friends

3

who were killed when they returned to Guatemala because they had lived in the United States.  And he did not allege any other basis for fearing persecution or torture, admitting that he does not fear that gang members will attempt to recruit him, and that they had not tried to recruit his sons.

Accordingly, because Ajeataz-Cor failed to demonstrate a likelihood of persecution or torture, he failed to establish his eligibility for withholding of removal or CAT relief.  We do not reach the agency's alternative bases for denying relief—Ajeataz-Cor's failure to demonstrate a nexus between the harm he fears and a protected ground (for withholding of removal) and government acquiescence (for CAT).  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4